UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

ALEXANDRA K. MUDRECHENKO AND
DMITRII K. MUDRECHENKO,                                        CASE NO. 0:23-CV-61224 RAR
      Plaintiffs,

v.

SKY BLUE FINANCIAL SERVICES, INC.,
d/b/a, SKY BLUE CREDIT,

      Defendant.

### DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH INCORPORATED MEMORANDUM OF LAW

Defendant, SKY BLUE FINANCIAL SERVICES, INC., d/b/a, SKY BLUE CREDIT, ("SKY BLUE") by and through its undersigned counsel and pursuant to *Fed.R.Civ.P.* 12(b)(6) and *local rule* 7.1, hereby files its motion to dismiss Plaintiffs' complaint for failure to state a claim upon which relief can be granted with incorporated memorandum of law, and states as follows:

1. Plaintiffs allege that Defendant has violated the Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679 *et seq.* Plaintiffs also allege violations of a sister credit repair statute in Minnesota, Minn. Stat. § 332.52, subd. 3(b)(8).

2. CROA, 15 U.S.C. § 1679 et seq., has two stated purposes: "(1) to ensure that prospective buyers of the services of credit repair organizations are provided with the information necessary to make an informed decision regarding the purchase of such services; and (2) to protect the public from unfair or deceptive advertising and business practices by credit repair organizations." 15 U.S.C. § 1679(b).

3. The Plaintiffs have failed to state a cause of action under both the federal and state laws they rely upon in the Complaint so that their Complaint should be dismissed.

4.     Plaintiffs should have attached the Contract referenced in their Complaint (¶11), even though Federal Rule of Civil Procedure 10(c) is a permissive right to attach documents. The contract referenced in the Plaintiffs' Complaint is attached hereto and incorporated herein as Exhibit A, (the "Contract"), so that this Court can consider the same as though it is within the four corners of the Complaint for purposes of dismissal. The policy that permits the Court to consider documents attached by a defendant and expressly incorporated into the complaint is to "[p]revent [ ] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." *Parrino v. FHP, Inc.,* 146 F.3d 699, 705–06 (9th Cir.), *cert. denied,* 525 U.S. 1001, 119 S.Ct. 510, 142 L.Ed.2d 423 (1998) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir.1993)).

5.     The Contract controverts all of the allegations in the Complaint. For example, it allows the Plaintiffs the right of cancellation. It illustrates how work is performed before any payments are due. The Contract's only guaranty or promise is that the Plaintiffs are satisfied, or they can get a full refund within the first 90 days of service. The Plaintiffs can also cancel at any time. Accordingly, the Plaintiffs' disregard of the Contract rights afforded to them, and their incomplete summary of terms as alleged in the Complaint support a dismissal of this Complaint, with prejudice.

6.     The Complaint should also be dismissed because the Plaintiffs circumvent the terms of the Contract by generally alleging that the Defendant made misrepresentations about its services. Ordinarily, a credit repair organization violates CROA when there are misleading or false representations made by the credit repair organization. 15 U.S.C §1679(a)(3). In an effort to satisfy the requirements of proving a violation, Plaintiffs allege that there were broken promises, false promises and that Defendant continued to mislead and deceive the Plaintiffs. (See, Complaint

(¶¶9,10, 14, 15, 16, 18, 27, 28). Basically, Plaintiffs parrot the wording of the law without adding the details of who, what, where, when, and how Defendant violated the law.

7. Rule 9(b) states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). "The claim must identify the who, what, where, when, and how." *U.S. ex rel. Thayer v. Planned Parenthood of the Heartland*, 765 F.3d 914, 917 (8th Cir. 2014). In this case the Plaintiffs not only fail to identify the Defendant's representative or representatives allegedly deceiving the Plaintiffs with misrepresentations and false promises, but they also fail to identify any dates or times when the acts or omissions occurred. The Plaintiffs' failure to comply with Rule 9(b), prevents the Defendant from fairly investigating, defending or responding to these conclusory allegations. Accordingly, the Complaint should be dismissed.

8. The Plaintiffs also incorrectly allege that the Defendant took money before fully performing the services. See ¶30. The Contract sets forth the timeline and methods on how services are performed before payments are made. The Contract states in part, "*This is a month-to-month agreement. SBC provides service on an incremental basis charging only after the initial review/setup, and at the end of each month of service. You may cancel anytime with no further obligation or charge.*" There are 3 steps that the Plaintiffs and Defendant follow and the services that the Defendant performs pursuant to the Contract before Plaintiffs are even invoiced for the set up and review fee. Then all work is performed by the Defendant monthly and the Plaintiffs are billed in arrears, after the services are performed. Plaintiffs' failure to allege the dates and times of the services and payments warrants dismissal since the absence of any date a payment was made

before services were rendered cannot support their allegations that CROA was violated. Therefore, the Complaint should be dismissed.

9. Upon a Rule 12(b)(6) motion the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. This, however, does not give a plaintiff carte blanche to merely aver a formulaic recitation of the elements of a claim supported by conclusory labels. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007) (citations omitted). The complaint may be dismissed if the facts as plead do not state a claim to relief that is plausible on its face. See *Twombly*, 127 S.Ct. 1955, 1968-69, 1974 (2007) (abrogating the old "unless it appears beyond a doubt that the plaintiff can prove no set of facts . . . ." standard and replacing it with a standard requiring "only enough facts to state a claim to relief that is plausible on its face."); *Arberman v. PNC Bank, National Association*, 2023 WL 3910573 (S.D. FL. June 6, 2023), (dismissal for failing to plausibly plead facts in support of the causes of action); *Marsh v. Butler County*, Ala., 268 F.3d 1014, 1037 (11th Cir. 2001) ("Pleadings must be something more than an ingenious academic exercise in the conceivable.") (en banc) (quoting *United States v. Students Challenging Regulatory Ag. Proc.*, 412 U.S. 669, 688 (1973)). More simply, dismissal is appropriate if the plaintiff has not "nudged [its] claims across the line from conceivable to plausible." *Twombly*, 127 S.Ct. at 1974. Since the Plaintiffs in this case assert the elements of CROA with conclusory labels, this Complaint should be dismissed.

10. The Minnesota law mirrors the federal law and should be dismissed for all the reasons stated above. Additionally, the Plaintiffs' Minnesota law claim should be dismissed if the federal claim is dismissed. "[W]hen the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of

jurisdiction. Plaintiffs have not alleged diversity jurisdiction, just supplemental jurisdiction. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."), dismissing the case without prejudice." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988). Accordingly, if the federal claims are dismissed and there is no diversity jurisdiction alleged, there should be no supplemental jurisdiction over the Plaintiffs' state-law claims as alleged in Paragraph 3 of this Complaint.

11.     Lastly, Plaintiffs fail to allege damages or harm as to Count I of the Complaint. The Plaintiffs cannot meritoriously allege such damages since shortly after they terminated the Contract with the Defendant, the fruits of Defendant's services were realized with satisfactory credit repair results favoring the Plaintiffs.

12.     Accordingly, for the foregoing reasons, Plaintiffs' Complaint should be dismissed for failure to state a claim upon which relief can be granted.

WHEREFORE, Defendant, SKY BLUE FINANCIAL SERVICES, INC., d/b/a, SKY BLUE CREDIT, respectfully requests that this Honorable Court enter an order dismissing Plaintiff's complaint, that this Honorable Court enter an award of attorney's fees and costs in favor of Defendant and against Plaintiffs pursuant to 15 U.S.C. §1679g(a)(2)(A), and that this Honorable Court enter such other and further relief as it deems just and proper.

Dated: August 8, 2023.                    SIMON & SIGALOS, LLP
                                          3839 NW Boca Raton Boulevard, Suite 100
                                          Boca Raton, Florida 33431
                                          (561) 447-0017 Telephone
                                          (561) 447-0018 Facsimile
                                          _/s/Michael W. Simon__
                                          Michael W. Simon, Esq.
                                          Florida Bar No. 776394
                                          msimon@SimonSigalos.com
                                          Mwsassistant@simonsigalos.com

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(3)

Pursuant to Rule 7.1(a)(3) of the Local Rules, the undersigned counsel hereby certifies that counsel for Defendant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issued raised in this motion, and Plaintiff's counsel has agreed to the relief requested herein.

                                        .          SIMON & SIGALOS, LLP
3839 NW Boca Raton Boulevard, Suite 100
Boca Raton, Florida 33431
(561) 447-0017 Telephone
(561) 447-0018 Facsimile

  /s/Michael W. Simon  _____
Michael W. Simon, Esq.
Florida Bar No. 776394
msimon@SimonSigalos.com
Mwsassistant@simonsigalos.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 8, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF system.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

  /s/Michael W. Simon
Michael W. Simon, Esq.

## **SERVICE LIST**

ALEXANDRA K. MUDRECHENKO, et al. v. SKY BLUE FINANCIAL SERVICES, INC.,
Case No.: 0:23-cv-61224
UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA

*Notice will be electronically mailed via CM/ECF:*

*Counsel for Plaintiff*

**Via Email:** ataylor@sulaimanlaw.com
Alexander J. Taylor, Esq.
Sulaiman Law Group, Ltd.
2500 South Highland Avenue Suite 200
Lombard, IL 60148